# ANDERSON et al. v. GRANTSVILLE NORTH WILLOW IRRIGATION COMPANY

No. 3044.   Decided November 24, 1917.   (169 Pac. 168.)

1. CORPORATIONS—POWERS OF DIRECTORS. In view of Comp. Laws 1907, section 324, requiring the powers of a corporation to be exercised by the board of directors, where the board of directors refused to order the president and secretary to transfer shares of stock,

their act in transferring such shares was illegal, although the stockholders had voted in favor of the transfer.[1]   (Page 141.)

2. CORPORATIONS—STOCKHOLDERS' ACTION—APPLICATION TO DIRECTORS.   Where the board of directors was adverse to bringing suit, and an application to them to institute the suit would have been of no avail, and the stockholders had been damaged by the acts upon which the suit was based, they could bring the action in their own names and in behalf of the corporation.   (Page 143.)

Appeal from District Court of Salt Lake County, Third District; *Hon. Geo. G. Armstrong,* Judge.

Action by Leroy Anderson et al., against the Grantsville North Willow Irrigation Company et al.

Judgment for plaintiffs.   Defendants appeal.

AFFIRMED.

*Young & Moyle* for appellants.

*Smith & McBroom* for respondents.

GIDEON, J.

Respondents are stockholders of appellant Grantsville North Willow Irrigation Company, and are the owners of approximately 1,000 shares of stock therein, out of a total of something like 1,850 shares outstanding.   The irrigation company, as found by the court—''was formed for the purpose of improving and repairing Davenport creek and North Willow creek and their sources, being natural water courses in Tooele County, Utah, and to convey the waters of said creeks to and upon the farming land in Grantsville North Willow Farming District, Tooele County, Utah, to be there used for agricultural, domestic, and ornamental purposes.''

---

[1] *Lochwitz* v. *Pinetree Mining & Milling Co.,* 37 Utah 349, 108 Pac. 1128.

This action was brought to compel the irrigation company to cancel on its books, and to compel the other appellants to deliver to said company for cancellation, 320 shares of the capital stock of the irrigation company, issued to, and which are controlled and owned by, such other appellants for certain · water rights conveyed to the company by such other appellants, known as rights appurtenant to lands designated meadow lands. Said meadow lands lie north of the lands of respondents and the town of Grantsville, Utah, and are much lower in elevation than the farm lands upon which respondents, as stockholders of said irrigation company, were and have been conducting and using the waters belonging to the company.

A special meeting of the stockholders of the irrigation company was held on March 20, 1911. At that meeting a motion was made and carried by a majority of the stockholders present authorizing the president and secretary of the company to issue certificates of stock to the owners of the meadow lands "on presentation of legal transfer of the meadow water to the company" on the basis of one share of stock in the company for each four acres of said meadow lands. Thereafter, and on March 23, 1911, the owners of the meadow lands presented to the directors of the irrigation company a deed conveying their interest in the waters of said creeks, and said deed was referred by the directors to the company's attorneys for "advice as to its legality." At a subsequent meeting, held April 15th of the same year, another deed was presented to the directors for said water rights, and at that meeting the directors refused to accept the same. Subsequently another special stockholders' meeting was called, and the same met on June 12, 1911. The object of that meeting, as stated, was "for the purpose of accepting the deed of transfer from the meadow owners to the company authorized at the stockholders' meeting held March 20, 1911." At this last-named special stockholders' meeting a motion was made that the deed be not accepted, and at said meeting, as a substitute for that motion, a resolution was offered in which it was stated that the "attempt at this time to reconsider the action of the president and secretary in accepting said deed conveying said water

rights to the company, and issuing and delivering stock to the company therefore,'' would . be unfair and out of order. Neither the motion nor the resolution was acted upon, and the meeting adjourned without taking any action.   Notwithstanding the fact that no action with reference to the acceptance of the deed from the owners of the meadow lands, and notwithstanding the fact that at the meeting of the directors held on April 15, 1911, the directors expressly refused to accept the deed, the president and secretary of the company, nevertheless, on or about the 6th day of May, 1911, issued and delivered to the owners of the meadow lands the 320 shares which respondents seek by this action to have canceled.

Trial was had before the court, and judgment was entered in favor of respondents directing the irrigation company to cancel upon its books said 320 shares of stock, and also directing the appellants owning said stock to deliver the same up to the company for cancellation.   The court also directed that the irrigation company reconvey to the owners of the meadow lands any water conveyed to the company.   From that judgment this appeal is prosecuted.

Respondents contended in the district court and contend here that no sufficient or definite notice as to the objects or purposes of said meeting was given to the stockholders of the meeting of March 20, 1911, and that no personal or other service of such notice was made or had upon the stockholders as required by the laws of this state, and that therefore the meeting was without authority to act on the question considered by it, and that its action thereon was void and of no effect.   The notice given was one printed on a postal card and is as follows:

''Notice.

''Grantsville, Utah, March 8, 1911.

''You are hereby notified that a meeting of the stockholders of the North Willow Irrigation Company will be held in the city hall, Monday, March 20, 1911, at 10 o'clock a. m., for the purpose of passing on the by-laws of the company; to vote on the proposition made by the meadow water owners at the last

meeting on the basis of three and one-half acres of meadow water to one of stock in the company.

"By order of the board of directors.

"A. Fawson, Secretary."

One of these cards was deposited in the United States mail, postage prepaid, addressed to each of the then stockholders in such company. There were present and participating in such meeting holders and owners of 1,228 shares.

Appellants, on the contrary, contend that it would be inequitable and unjust now to permit respondents to object to the sufficiency of the notice or to the manner or method of serving the same. They base this contention on the alleged ground that it has been the recognized and common custom ever since the organization of the company to give notice of special stockholders' meetings in the way and manner this notice was given, and upon the further stated ground that no objections were made at the time of the meeting, and none have ever heretofore been made by the respondents, or any of the stockholders, to that method or manner of giving notice of stockholders' meetings. The court found that no such custom, or acquiescence on the part of the stockholders in the manner and method of giving notice and serving same, is supported by the evidence. We do not feel called upon to express an opinion as to whether, under the facts as shown by the record, respondents, and other stockholders, should now be estopped and not permitted to question or object to the notice given, the contents of the notice, or the service of the same, inasmuch as the judgment must be affirmed for other reasons.

The action of the stockholders at the meeting of March 20, 1911, directed the president and secretary, on receiving a sufficient legal conveyance of the water rights of the owners of the meadow lands, to issue certificates of stock to such owners on the basis as herein stated. It appears from the record that the directors in charge of the irrigation company and its business during the year 1911 expressly refused to take any action whatever looking to the transfer or the carrying into effect of the resolution of the stockholders

passed and adopted at the meeting of March 20, 1911. Whatever action was taken by the directors during that year was adverse to accepting the deed of conveyance or the issuing of the certificates of stock. Notwithstanding this the president and secretary proceeded to, and did, on or about May 6, 1911, issue and deliver to the said several owners of the meadow lands shares of stock aggregating 320 shares, being the same certificates of stock sought to have delivered up and canceled by respondents in this action. It is provided by Comp. Laws 1907, section 324, that the corporate powers of a corporation in this state shall be exercised by the board of directors. It is provided in subdivision 10 of section 315 of the same compilation that the articles of incorporation shall designate the number of directors that shall be necessary to form a quorum and be authorized to transact the business and exercise the corporate powers of the corporation. It will thus be seen that the authority to manage and control the corporation and conduct its business is left exclusively to the board of directors and not to the stockholders as such. *Lochwitz* v. *Pine Tree Mining & Milling Co.*, 37 Utah, 349, 108 Pac. 1128; *Texas Con. C. & M. Ass'n* v. *Dublin C. & M. Ass'n*, 38 S. W. 408, and authorities there cited; *Rough* v. *Brietung*, 117 Mich. 48, 75 N. W. 147. Even if it be admitted that the stockholders, as such, have such an interest in the unissued or treasury stock of the corporation that before such stock is issued or exchanged for other property their authority is necessary to issue the same, yet the executive officers of the company must receive their authority for any action taken by them in the issuing of the company's stock, or, for that matter, in the sale or transfer of any of its other interests or rights from the governing body of the corporation, namely, the directors. The motion or resolution passed by the stockholders at the meeting of March 20, 1911, provided that the stock should be issued when a legal conveyance was. made, leaving at least a discretion to the board of directors. to determine when a legal and satisfactory conveyance had been made. Until such time as the directors had acted on that question, the president and secretary were without authority to issue the stock, as they did in this case. .

It is further contended by appellants that respondents, as stockholders, have no power or right to maintain this action. The lower court found, and it is not disputed, that the board of directors elected at the annual stockholders' meeting of 1912, and each year since that time, was elected with the assistance of the meadow landowners voting the 320 shares of stock wrongfully issued to them, and that such boards of directors are, and have been, adverse to the maintaining of this action; further, that by reason of such fact no relief or assistance could have been obtained by the respondents appealing to or attempting to get such boards of directors, or the corporation, under their control, to institute and prosecute this action. The court also found that by reason of the issuing of these said certificates of stock the interest or right of the respondents to use the water belonging to the corporation has been lessened and made of smaller value, for the reason that it now necessitates a greater length of time between the dates when they, as stockholders, get water to use upon their farms than was the case prior to the issuing of such 320 certificates. These findings of the court are all amply sustained by the record and they authorize and warrant respondents in the institution of this action. There was no other means or method by which the interests and rights of the irrigation company and respondents as stockholders in the company could be protected. 10 Cyc. 967.

The court further found that appellants, other than the corporation, or some of them, are now the owners of and have control of all of said 320 shares of stock; that they acquired and took the same with full knowledge of the contention of respondents and all the acts of the corporation under which, and by reason of which, the 320 shares were issued. The court, in its decree, directed the irrigation company to reconvey to the owners of the meadow lands any interest in the waters of said creeks which had been conveyed to it, thereby reinvesting them with any and all rights that the meadow land owners had, or may have had, prior to the conveyance by them to the corporation of their interest, in waters of said creeks from which the irrigation company derives water for the use of its

stockholders.   Therefore no advantage is taken of the appellants, and they have no just or legal cause for complaint.

The judgment of the lower court is affirmed.   Appellants to pay costs.

FRICK, C. J., and McCARTY, CORFMAN and THURMAN, JJ., concur.